May it please the court. My name is Dennis Charney and I represent Elias Manuel Custodio with respect to this appeal from the district courts decision regarding various post conviction relief Motions and petitions that mr. Custodio filed Approximately 12 years ago. Mr. Custodio was involved in an altercation in which Two individuals were killed and one individual was seriously injured at a party and a fight Ultimately, mr. Custodio was charged with two counts of murder and one count of aggravated battery There were pretrial motions in particular with respect to the issues presented in this case. One of those motions involved a motion to suppress as a result of an allegation that the Fifth Amendment waiver in this particular case was not knowing intelligent and voluntary the council when you look at the what the Idaho court recited in the record and What the government indicated in response you have a very heavy burden here to show That it was not knowing it and intelligible Although the initial doctor suggested he was very inebriated said he was alert Didn't have any problem balancing himself or walking There's a videotape he's alert enough you can reach out and grab a fly ala Obama I mean this this is not somebody that's comatose How can you possibly meet the burden in this circumstance? I think ultimately the question has been addressed by the district court at the state level the Idaho Court of Appeals As well as the district court at the federal level and this appeal followed the burden Of course, this is is a de novo review and the burden is clear and convincing evidence that the State court determination was objectively unreasonable So I recognize the burden is heavy and high and and what what can you refer to us? In the record that may that enables your client to meet that burden I think simply a recitation of the videotape and a review of the videotape in and of itself by independent panel Of this of the Ninth Circuit in my view would reveal that the clear and convincing evidence standard has been met as far as pointing to any one particular thing or item That's very difficult to do if your client has the burden to bring that one thing that one item up Does he not he does and what is that item? I think that the one thing in the one item is that it appears and I think it's it's fair to argue that the lower court the state courts in the lower courts Lower court in the federal on the federal side of this equation Really did not engage in a true totality of the circumstances Analysis as I pointed out in my initial opening brief. What appears to have been done is each factor that mr custodio complained of was analyzed separately by the various courts the state district court in the Court of Appeals as looking at what I would say is It what first off the analysis was evaluated was he drunk then there was analysis was he tired? then there was an analysis as to whether or not the 69 second period of time were detective Anderson discussed with him you know his rights in the cursory manner, which he got him to sign the form was not really coercive, but fully explanatory enough and I think that the record as analyzed From below in each of these instances reveals that these were not Weighed as required by the United States Supreme Court in Moran which requires a totality of the circumstances counsel the district court Prepared a 32 page memorandum order. Yes. How can you say that? He didn't Review the evidence and independently review the evidence with a memorandum of that length The memorandum can be 132 pages, but if it doesn't say that I have looked at not just tired drunk was this cursory, but did the combination of all of these things factor into a A waiver that was not knowing and was not intelligent. Do you think there's a magic words formula? You're kind of following the line that some do with 3553 a that they've got to refer to the code section and so on and that's been clearly rejected by our court and the Supreme Court. No, I do not believe that there is a magic words formula. What what are you looking for? I think once again, what we're looking for is for a Reviewing court as well as the initial state district court to look at the combination of everything together as opposed to each factor in Isolation to come to the conclusion that the waiver in this case was not Knowingly and intelligently made what gives you the idea that he didn't take a look at it all together After reciting all the elements of which we've discussed Well, I've never been able to find any verbiage in either of the state He didn't say I am now considering everything that I have now stated as a totality of circumstances So that on appeal I'm not accused of not considering the totality of circumstances after after he unless he says that he Fails your test. I'm not saying just him. I'm saying that Judge Horton the district court judge The Idaho Court of Appeals as well as on the district court Judge Lodge on the federal side have never said, you know in reviewing all of these factors in in combination Basically blending them up and looking at them. I we do not see Any recitation by any court at to this point indicating that the entire totality of the circumstances test was met You're thinking that simply mentioning that he's tired Acquires a heavier meaning when you say he's tired and drunk I Think that that's a drunk acquires a heavier meaning when you say he's drunk and tired I wouldn't necessarily say heavier meaning but it's one thing to be tired it's one thing to be drunk, but it's Something else to be both tired and drunk and perhaps ill and perhaps injured if Idaho Trial court of the district court viewed the videotape How can we say that they didn't? totality of the circumstances videotape shows his tiredness his drunkenness his lack of coordination or Coordination depending on catching an insect Once that evidence is displayed to the trier of fact Isn't it impossible to say he didn't review the totality of the circumstances I don't know if it's impossible to say that they didn't review the totality of the circumstances your honor, but what? The difficulty is in this case is that no court has ever said and they've cited the correct case law They've cited the correct standard, but no court has ever said viewing the totality of the circumstances. We find that the Waiver was knowing intelligent and actually Actually, I'm looking at page 17 of the memorandum order. I don't know exactly the line, but I'm reading from Judge Lodge's order Quote rather the totality of the circumstances including his stated goal to tell his side of the story Suggests that he simply chose not to invoke his right to a lawyer sooner hoping that his cooperation would merit some amount of leniency So your magic words formula is satisfied. Is it not? Don't have that particular portion of the order in front of me But I would need to review it and perhaps I could address that on rebuttal you accept my representation that it's in the order on Page seven I will but I'd like to read Context of the balance if you're right, yes, you're right Is your and you told certainly judge Baya and me that there is a magic words formula and the magic words are there? Doesn't that end your case? I wouldn't think that that would necessarily in the case if this court reviewed the tape and found the district courts conclusion With respect to whether or not the waiver was knowing and volunteer or knowing an intelligent issue of it Then the totality of the circumstances recitation that you just referred to true But what I'm suggesting is that this court can come to its own totality of the circumstances recitation Determined that the three prior courts were objectively unreasonable. May I reserve my last minute? Good morning. I'm may I please the court. My name is Jessica Laurello and I represent the respondent in this case I'll try to keep my comments brief in light of my voice this morning But of course the sole question certified for appeal to this court is whether the state courts Adjudication of the Miranda claim was contrary to or an unreasonable application of a fully established Supreme Court precedent The state's position is of course that it is not an unreasonable application of Miranda and Every court that has viewed the videotape to date has looked at that video and concluded that mr custodio's waiver was knowing voluntary and intelligent and This is not an Objectively unreasonable application of Miranda. What do we do with the fact that dr. Sanderson who saw him at? 1115 a.m. On the morning after the murders Said that he was obviously intoxicated And With respect to dr. Sanderson's testimony, I think that the state trial judge found that his conclusion that mr custodial was intoxicated was based on the odor of alcohol and his boastful demeanor and how he appeared not to be remorseful about shooting two people That said the interview with law enforcement Occurred the fact the factual finding by the trial court was more than two hours later And if you take miss dr. Sanderson's testimony and his belief that he was intoxicated based on that behavior that behavior Is there any evidence as to what? Mr. Custodio did between leaving dr. Anderson's Surgery and going to the police officers. Did he go back to the bar and start drinking? No I think I think he went from the hospital back to Police annex. Yeah, he was in custody actually while at the hospital because as I remember the record He left the hospital 120 didn't show up until the two o'clock at the police. Is that 40 minutes away? Well, I think it's I don't know what actually went on. He was taken to the hospital by law enforcement So he turned himself in to law enforcement about 1115 He went to the police station and said here's my gun I want to turn myself in regarding the shootings that just occurred over on Edson Street They took him to the hospital first. Yeah, and he said he'd been stabbed So the officer took him to the hospital and he was at the hospital I assume it's standard emergency room protocol. It takes a while and then was back And they didn't get back to the police station until two o'clock, right? And that's the questioning occurred sometime thereafter. So it was more than two hours After the the doctor saw him But if he was if he if the indication that he was drunk was because he was boastful That certainly no longer existed by the time he was interviewed by law enforcement And I think the video reveals that he he didn't he wasn't really boastful at all at that point. There's a record indicate Any questioning Between the time that dr. Sanderson saw him and he returned to the police station It it doesn't actually indicate your honor that no no questioning occurred and there is a police report Actually attached to the PSI and the PSI is state's lodging. I think a 8 it's pretty large So it's not paginated, but there is a police report and the custody officer that transported Specifically said that he did not ask him any questions. There was some statements that mr Custodio made that were picked up on the officer's recording device, but he did not question him I'll bet on the way to the hospital after he first came in to turn himself in I don't believe so. I think the same custody officer was in the ambulance with him. And in fact, actually, mr Custodio To the health care professionals who were treating him made very similar statements to those that he made to law enforcement They were unsolicited Either by the doctors or the police. That's correct. I mean, well the doctor said what happened to you, right? Right, right, but I mean in terms of trying to probe that's correct criminal activity. That's correct and of course the court is correct that that there is no talismanic phrase and I would also note that The state trial court the state appellate court and the federal district court as you noted Actually recited the totality of the circumstances test and then the fact that the court then addressed each of the individual factors that mr Custodio raised Doesn't mean that they ultimately didn't apply that test. They were just simply addressing factors. He believed Indicated that his waiver was not voluntary case law that would suggest that Your opposing counsel is correct that you have to refer to the totality of the circumstances Regardless of whether you cite cases or not I'm not aware of any your honor in fact I think there may be a case to the contrary but I couldn't cite it to you and of course the the The standard is a pulp is ultimately whether the court's Objectively unreasonable and the court doesn't even have to cite the controlling standards as long as the the end result I'm certain there's a case that said that I just can't tell you what it is And I would just also note a couple of other things just to bolster the conclusion and the findings made by the trial court Regarding mr. Custodio's demeanor and that his waiver was knowing voluntary and intelligent. Mr. Custodio's the court will see that Reviews a videotape if it hasn't already and he gives his date of birth. He refuses to give his parents number He gives an old address. He spells his street name He gives his employers number and with respect to the comment that he sounded like he slurred his spelling of his lace last name actually the Officer when trying to writing it and spell it and spelling it out loud. Mr. Custodio actually corrected the spelling of his last name So all of those factors I think lead to the conclusion that the state court's decision was not an object an objectively unreasonable application of Miranda Unless the court has further questions. Thank you very much. Thank you I Think in summary What's really the duty of this court is to review the videotape? maybe against the backdrop of the things that I pointed out in my briefing and determine independently if there is clear and convincing evidence that convinces you that the prior rulings were Objectively unreasonable very briefly to address the other issue that was raised than the one that's not certified. We have approximately 12 issues that 11 issues that were raised to the district court below Briefed by mr. Custodio briefed by the state and were never addressed by the district court with respect to the cause and prejudice on His claims two three five seven and eight through nineteen So I would ask this court to at least I don't know if we're gonna refer to it as a reversal or an order directing the district court to actually rule on those claims so that a further decision with respect to whether or not those claims are valid Invalid and whether any of those could be appealed That was not quite accurate the court went through those claims and Said that they would be Dismissed but then gave mr. Custodio an opportunity to brief them and the state responded and I believe mr Custodio filed a reply but then the court never actually ruled on The cause and prejudice issues that were raised and briefed by both the appellant and the state of Idaho Thank you very much. Thank you This matter will stand submitted
judges: Pregerson, Bea, Smith M.